STATE ex rel. HURST, etc., Appellant, v. BASSETT et al. etc., Respondents.

St. Louis Court of Appeals, October 6, 1908.

1. **LOCAL OPTION: Notice of Election: "Will be Held."** A notice of a local option election which recited in full the order of the County Court ordering it, stating a full compliance with all prerequisite steps, with full directions as to how the election should be held, and stating that it "was ordered" by the county court "that a special election be held," etc., was sufficient without declaring directly that an election "will be held."

2. ———: ———: **Time of Opening and Closing Polls.** It was not necessary for such notice to designate the time at which the polls should open and close; section 3027, Revised Statutes 1899, provides that such elections shall be conducted in accordance in all respects with the laws governing general election, and they prescribe the time for opening and closing.

Appeal from Barry Circuit Court.—*Hon. F. C. Johnston,* Judge.

AFFIRMED.

NORTONI, J.—This proceeding was instituted in the circuit court. Relator sued out a writ of certiorari, directing the judges of the county court of Barry county to return into the circuit court a complete transcript of the proceedings had in the county court with respect to the hearing of a petition for and ordering an election looking to the adoption of the local option law in the county outside of the city of Monett. Upon a return being made thereto, the circuit court quashed the writ and relator prosecutes this appeal.

The argument urged against the regularity of the election relates entirely to the sufficiency of the published notice to the effect that an election would be held on a certain day thereafter. It is conceded that the notice was published for a sufficient length of time and in

a proper newspaper. The question levelled against its sufficiency relates entirely to the form of expression employed therein. That is to say, it is argued even though the notice be full and complete in many respects, it is insufficient in that it fails to say in plain language that an election for the purpose contemplated "will be held" on the date therein mentioned, or employ other appropriated and pointed words to that effect. The county court, in its order of record, directed that the notice should be had and given in the following form, and it was published in a newspaper designated, for a sufficient length of time, precisely as formulated by the court in its order, which is as follows:

"NOTICE OF SPECIAL ELECTION.

"Whereas, the county court of Barry county, State of Missouri, convened in regular session at the court house in the city of Cassville, in the county of Barry, State of Missouri, on Monday, the 2nd day of October, A. D. 1905, ordered a special election submitting to the qualified voters of Barry county, State of Missouri, outside of the corporate limits of the city of Monett, in said Barry county, State of Missouri, a city having a population of twenty-five hundred inhabitants and more at the time of the presentation of the petition herein, to-wit, October 2, 1905, as shown by the last National Census (and the city of Monett was the only city in Barry county, State of Missouri, having a population of twenty-five hundred inhabitants at the date of filing of the petition herein, to-wit, October 2, 1905, and such was so found by the court) the question whether or not spirituous and intoxicating liquors, including wine and beer, shall be sold within the limits of said Barry county, State of Missouri, lying outside of the city of Monett, aforesaid, under and by virtue of an act of the Legislature of the State of Missouri, approved April 5, 1887, entitled 'An act to provide for the preventing of the

evils of intemperance by Local Option in any county in this State by submitting the question of prohibiting the sale of intoxicating liquors, to the qualified voters of such county; to provide penalties for its violation and for other purposes.'

"And whereas, on the 2nd day of October an application by petition, signed by one-tenth and more of the qualified voters of Barry county, State of Missouri, who reside outside of the corporate limits of the city of Monett in said Barry county, State of Missouri, who are qualified to vote for members of the Legislature in said county and State, was presented to the county court of said Barry county, State of Missouri, praying that a special election be ordered to be held in said Barry county, State of Missouri, to determine whether or not spirituous liquors, including wine and beer, shall be sold within the limits of Barry county, State of Missouri, outside of the city of Monett, in said Barry county, State of Missouri.

"Said petition was duly considered by the county court of Barry county, State of Missouri, and it determined and adjudged that said petition was signed by one-tenth and more of the qualified voters of Barry county, State of Missouri, who reside outside the corporate limits of the city of Monett, who are qualified to vote for members of the Legislature in said Barry county, State of Missouri, and that the city of Monett in said Barry county, State of Missouri, was the only city in said Barry county, State of Missouri, that contained a population of twenty-five hundred inhabitants and more at the date of the presentation of said petition to the county court of said Barry county, State of Missouri, to-wit, October 2, 1905, and that the county court determined the population of the cities of Barry county, State of Missouri, by the last National Census, which was the last census taken in said county.

"It was thereupon ordered by the county court of Barry county, State of Missouri, as follows:

" 'First.   That a special election be, and the same is hereby ordered to be holden at the usual voting precincts for the holding any general election of State officers, except in the city of Monett in said Barry county, State of Missouri, a city having a population of twenty-five hundred inhabitants and more as shown by the last National Census on Wednesday, November 8, A. D. 1905, for the purpose of determining by the qualified voters of Barry county, State of Missouri, outside of the city of Monett, in said county, whether or not spirituous and intoxicating liquors, including wine and beer, shall be sold within the limits of said Barry county, State of Missouri, lying outside of the corporate limits of the city of Monett in said Barry county.

" 'Second.   That said special election shall be held at the usual voting precincts for holding any general election of State officers in said Barry county, State of Missouri as follows:   (Here follows a list of the voting precincts of the county.)

" 'Third.   That the judges of said special election have been appointed by the county court of Barry county, State of Missouri, by order of record as follows: (Here follows a list of the judges appointed for the several voting precincts.)

" 'Fourth.   All persons voting at said special election who are against the sale of intoxicating liquors shall have written or printed on their ballots: 'Against the sale of intoxicating liquors;' and all those who favor the sale of intoxicating liquors shall have written or printed on their ballots: 'For the sale of intoxicating liquors.'

" 'Fifth: That notice of said special election shall be given by publication in the Cassville Republican, a newspaper printed and published in the city of Cassville,

133 App—24

in said Barry county, State of Missouri, for the period of four consecutive weeks, twenty-eight days, the first publication to be in the issue of said Cassville Republican on Thursday, October 5, 1905, the second publication in the issue of the same paper on Thursday, October 12, 1905, the third publication to be in issue of Thursday, October 19, 1905; the fourth publication to be in the issue of Thursday, October 26, 1905 and the last publication to be in the issue of Thursday, November 2, 1905, so that the last insertion shall be within ten days next before said special election; that said notice of said special election shall be signed by the presiding judge of the county court of Barry county, State of Missouri, and attested by the clerk of the county court of said county under the seal of the county court of Barry county, State of Missouri.

" 'Sixth.    Said special election shall be conducted, the returns thereof made and the result thereof ascertained and determined in accordance in all respects with the laws of the State of Missouri governing elections for county officers.

" 'Seventh.    That at said special election aforesaid no one shall be allowed to vote who is a resident of the city of Monett in said Barry county, State of Missouri, or who is not a qualified voter in Barry county, State of Missouri, qualified voters residing in Monett township and outside the corporate limits of the city of Monett, will vote at the usual voting precincts as herein designated at the city of Monett.

" 'JAMES H. PRATT,

" 'Attorney for Petitioners, Neosho, Missouri.

" 'In Testimony Whereof, we have caused this notice of election to be signed by the presiding judge of the county court of Barry county, State of Missouri, and attested by the clerk of said court, and the seal of said court to be affixed thereto.

" 'Done at the city of Cassville, in Barry county, State of Missouri, this 2nd day of October, 1905.

" 'HUGH BASSETT,

" 'Presiding Judge of the County Court of Barry County, Missouri.

" 'C. D. MANLEY,

" 'Clerk of the County Court of Barry County, Missouri.' "

Our statute providing for notice of an intended local option election does not afford a particular form therefor, nor does it enumerate any particular characteristic essential thereto, as will appear by consulting the statute, as follows:

"Sec. 3029. *Notice of Election; How Given.*—Notice of such election shall be given by publication in some newspaper published in the county, and such notice shall be published in such newspaper for four consecutive weeks, and the last insertion shall be within ten days next before such election, and such other notice may be given as the county court of municipal body ordering such election may think proper, in order to give general publicity to the election."

It is very true the notice did not say in express words that the election would be held on a certain date, and as said before, the argument by which its sufficiency is challenged, relates to this matter only. Relator's counsel say: "We contend that notice should have been given stating specifically and unequivocally that on a certain date the election will be held for the purpose," etc. This argument is entirely without merit. The notice as formulated and published, was certainly sufficient to inform the general public that an election for the purpose therein stated would be had and held in each of the several precincts of Barry county, outside of the city of Monett, on November 8, 1905. It will be observed that its headline in capital letters, proclaims "Notice of a Special Election," after which it proceeds to recite

the essential prerequisites of the proceedings in the county court looking to the submission of the local option proposition to a vote in the county outside the city of Monett, as is authorized by statute. It recites that the petition was duly considered by the court and adjudged to be sufficient, etc. The county court ordered a special election to be holden at the several voting precincts of the county on the 8th day of November, 1905, to the end that the qualified voters might determine the question by giving their votes for or against the proposition, as they might be inclined. It directed that the election should be had at the usual voting precincts for holding general elections for State officers, etc., and proceeded to name and designate the several precincts throughout the county. It recited that the judges to preside at and conduct such special election, had been appointed, and named them for every precinct throughout that portion of the county in which the election was to be held. It directed the voters' attention to the form of the ballot to be employed therein, and informed them that those who were against the sale of liquors should have written or printed on their ballots, "against the sale of intoxicating liquors;" while those in favor of the sale thereof, should have written or printed on their ballots; "For the sale of intoxicating liquors." It further directed that the notice should be published in the Cassville Republican, a newspaper printed and published in Cassville, Barry county, and named the several days upon which the publication should be had in this journal. The voters were informed thereby as well that the special election should be conducted, the returns thereof made and the results thereof ascertained and determined in accordance with the laws of the State of Missouri governing elections for county officers; and that persons residing within the city of Monett, which had a population of more than twenty-five hundred inhabitants, were not qualified voters in the election to be had thereon. All

of these things were promulgated over the signature of James H. Pratt, attorney for the petitioners, and over the certificate published therewith, signed by Hugh Bassett, presiding judge, and C. D. Manley, clerk of the county court, attested by the seal thereof. It appears that these officers, under their hand and the seal of the court, declared the above and foregoing to be a notice of election which they had caused to be signed by the presiding judge and attested by the hand and seal of the clerk of the court. Every possible element of a sufficient notice of such an election is contained therein, unless it be the designation of the time at which the polls should open and close. The local option law (sec. 3027, R. S. 1899), provides, however, that "such election shall be conducted and the results thereof ascertained and determined in accordance in all respects with the laws of this State governing general elections for county officers," etc. Section 6991, Revised Statutes 1899, of the general laws of this State with respect to general elections for county officers and pertinent to the case now before us, provides that the polls shall open at seven o'clock in the morning and continue open until six o'clock in the evening, unless the sun shall set after six, when the polls shall be kept open until sunset. This provision is parcel of the public and general laws of the State on the subject of elections. It is a rule of public policy that all persons must take notice of the public laws of the State. [21 Amer. and Eng. Ency. Law (2 Ed.), 588. Therefore, it appearing in the published notice of election that the same was to be conducted in all respects under the election laws of the State concerning the election of county officers, and hours at which the polls were to open and close must be regarded as though specified in the notice of the election published in accordance with the provisions of the general statute above referred to. As a matter of law, the voters were advised of the hours. To declare that the

notice of election was insufficient for the reason that it failed to sufficiently indicate that a special election would be held on the 8th day of November, 1905, would be equivalent to declaring the voters of Barry county *non compos mentis*. No man of ordinary intelligence and prudence could read the publication over the hand of the presiding judge and clerk of the county court, with seal attached, in the particular newspaper designated as the medium by which the notice should be communicated and published on the particular days which the order of the court required without knowing that an election for the purpose mentioned was to be had on the date mentioned. The presumption obtains that the county court acted and ordered the notice published for the purpose therein disclosed; that is to say, what the notice recited the court had done in the premises, was to the end that an election should be had. To presume otherwise would not comport in any respect with the rules of law nor the standard by which the conduct of affairs is ordinarily determined. It would be a violent presumption indeed for a voter reading this document purporting to be a notice, over the hand of the presiding judge and clerk, attested by the seal of the court, to conclude that it conveyed a meaning otherwise than that the proceedings mentioned therein, looking to the submission of the local option proposition, were in good faith and to be effectuated throughout the various precincts by the judges therein named conducting an election on the 8th day of November, 1905. The standard which the law sets up and by which the appropriate and orderly conduct of human affairs is ascertained and measured in the various relations of life, is that of an ordinarily prudent man in given circumstances. [21 Amer. and Eng. Ency. Law (2 Ed.), 584.] It is certain that no ordinarily prudent man in Barry county who read this notice, would fail to understand that it was notice that an election on the local option proposition

would be had on the date therein named. It appears in the record that a very large vote was polled at the election. It is therefore certain the voters did understand it and very generally availed themselves of the privilege to express their preference at the poll.

The judgment is affirmed. It is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.